DOROTHY G. MEBANE, M.D. v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF NORTH CAROLINA

No. 818SC366

(Filed 19 January 1982)

Physicians, Surgeons, and Allied Professions § 1— temporary license to practice medicine—denial of permanent license—notice and hearing not required

> The State Board of Medical Examiners had authority under G.S. 90-13 to issue a temporary license with limited duration to practice medicine in North Carolina without examination to a physician who had been licensed to practice medicine in Florida and to condition the issuance of a permanent license on her passage of the Federal Licensing Examination. Furthermore, since plaintiff was never issued a permanent license, she was not entitled to the written notice and opportunity to be heard required by G.S. 90-14.2 before a license to practice medicine may be revoked.

APPEAL by plaintiff from *Peel, Judge.* Order entered 22 December 1980 in Superior Court, WAYNE County. Heard in the Court of Appeals 17 November 1981.

This is an action to restrain the Board of Medical Examiners from revoking plaintiff's license to practice medicine pending a hearing under G.S. 90-14.2.

In her complaint plaintiff alleged the following: She had been licensed to practice medicine in Florida in 1979 and in this State that same year without further examination by the North Carolina Board. Defendant conditioned plaintiff's further practice in North Carolina upon passing the Federal Licensing Examination (FLEX). This condition was arbitrary and meaningless since defendant had already attested to plaintiff's qualifications by issuing a license. Defendant notified her that her license to practice would terminate on 31 March 1980. Plaintiff had established a practice of 2,000 patients and to halt this practice by 31 March 1980 would have caused personal injury and distress to her patients. The proper procedure to terminate her license was by a hearing pursuant to G.S. 90-14.2, but defendant refused to grant such a hearing. Plaintiff prayed for a temporary restraining order to prevent revocation of her license until a hearing was held.

Attached to and made a part of plaintiff's complaint were the following exhibits: "Exhibit A" is plaintiff's license to practice medicine in the State of Florida, dated 5 March 1979; "Exhibit B1" is plaintiff's temporary license to practice medicine in the State of North Carolina, showing an expiration date of 29 June 1979; "Exhibit B2" is the second North Carolina temporary license, with an expiration date of 7 February 1980; "Exhibit B3" is the third temporary license, with an expiration date of 31 March 1980.

A temporary restraining order was issued on 28 March 1980 restraining defendant from terminating plaintiff's license. The order was served on defendant on 1 April 1980.

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), which was granted. Plaintiff appeals from this order dismissing her complaint. The temporary restraining order was continued pending appeal.

*Hulse & Hulse by Herbert B. Hulse for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan by John H. Anderson and Michael E. Weddington for defendant appellee.*

CLARK, Judge.

In its motion to dismiss, defendant asserted that the complaint failed to state a claim upon which relief could be granted in that the action was against an official agency of the State of North Carolina and, therefore, under the doctrine of sovereign immunity, it could not be maintained. In effect the defendant's motion to dismiss sets out two separate defenses: (1) failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), and (2) the affirmative defense of sovereign immunity which is required to be asserted in the responsive pleading under Rule 12(b). *Thompson v. Railroad,* 248 N.C. 577, 104 S.E. 2d 181 (1958). The issue on appeal is whether the complaint on its face fails to state a claim upon which relief could be granted.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations of the complaint must be presumed true. A claim should not be dismissed under Rule 12(b)(6) unless it appears that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

In 1859 the General Assembly created the Board of Medical Examiners of the State of North Carolina "to properly regulate the practice of medicine and surgery . . . ." G.S. 90-2. Under Chapter 90 of the General Statutes the Board was given certain powers to enable it to carry out its regulatory duties. G.S. 90-13 provides that in its discretion the Board may issue a license to practice medicine without examination to an applicant who has a diploma from a medical school, a license issued to him by another state, and who has successfully completed one year of training after graduation. The last sentence of that statute reads as follows: "Such a license may be granted for such a period of time and upon such conditions as the Board may deem advisable."

The Board issued plaintiff a series of three consecutive temporary licenses to practice medicine. Although G.S. 90-13 does not specifically refer to the issuance of temporary licenses, we find that the language of the statute is broad enough to grant authority to the Board to issue temporary licenses with limited duration "upon such conditions as it deems advisable." It is clear from the face of the licenses issued to plaintiff that each one was temporary and expired on the dates shown on the documents. Plain-

tiff was fully aware that the licenses were temporary and that the issuance of a permanent license to practice medicine was conditioned upon a finding of competency based upon her passage of FLEX. When she failed to pass FLEX, the last temporary license expired and the Board refused to issue another one. We find nothing to support plaintiff's claim that she is entitled to a permanent license to practice medicine in this State.

Under G.S. 90-14.2, a licensee is entitled to written notice and opportunity to be heard before the revocation or suspension of a license to practice medicine. Plaintiff argues that she was entitled to such a hearing. However, we find no statutory authority which would give plaintiff this right. She was never issued a permanent license and, therefore, she was not threatened with revocation or suspension of her license. The action taken by the Board was the denial of issuance of a permanent license to practice medicine to plaintiff. We, therefore, find that plaintiff has no statutory right to a hearing to contest the denial of a permanent license by the Board.

Based upon the foregoing, we hold that the plaintiff's complaint fails to state a claim upon which relief could be granted in that the Board of Medical Examiners acted within the scope of its authority under Chapter 90 of the North Carolina General Statutes, and that plaintiff has no statutory right to a hearing to contest the Board's decision.

The order dismissing the complaint is

Affirmed.

Judges WHICHARD and BECTON concur.